UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKEY LAURANT**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 15-2588**

**NATE CAIN, WARDEN**                                                         **SECTION "G"(3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Rickey Laurant, is a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. On May 22, 2012, he was convicted of two counts of distribution of cocaine (Counts 1 and 3) and one count of attempted distribution of cocaine (Count 2) under Louisiana law.[1] On June 14, 2012, he was sentenced to a term of fifteen years imprisonment on Count 1 and to a term of ten years imprisonment on Count 2; it was ordered that the first two years

---

[1] State Rec., Vol. 2 of 5, trial transcript p. 254; State Rec., Vol. 1 of 5, minute entry dated May 22, 2012; State Rec., Vol. 1 of 5, jury verdict forms.

of those sentences be served without benefit of probation, parole, or suspension of sentence.  On that same date, he was also found to be a second offender and was sentenced as such on Count 3 to a term of thirty years imprisonment; it was ordered that sentence be served without benefit of probation or suspension of sentence for the entire term and without benefit of parole for the first two years.[2]  On April 26, 2013, the Louisiana First Circuit Court of Appeal affirmed his convictions, habitual offender adjudication, and sentences.[3]  The Louisiana Supreme Court then denied his related writ application on April 11, 2014.[4]

On or about June 19, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief.[5]  The state filed a response conceding that the application is timely but arguing that it should be dismissed because petitioner has not exhausted his remedies in the state courts.[6]  The state is correct.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until

---

[2] State Rec., Vol. 2 of 5, transcript of June 14, 2012; State Rec., Vol. 1 of 5, minute entry dated June 14, 2012; State Rec., Vol. 1 of 5, Reasons for Judgment dated June 29, 2012.
[3] State v. Laurant, No. 2012 KA 1705, 2013 WL 1791049 (La. App. 1st Cir. Apr. 26, 2013); State Rec., Vol. 3 of 5.
[4] State v. Laurant, 139 So.3d 1014 (La. 2014); State Rec., Vol. 3 of 5.
[5] Rec. Doc. 1.
[6] Rec. Doc. 9.

> the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Accordingly, to determine whether the instant federal claims are exhausted, this Court must compare those claims to the ones petitioner presented to the Louisiana Supreme Court.

In his federal application, petitioner asserts two claims: (1) the non-unanimous jury verdicts are unconstitutional; and (2) he received ineffective assistance of counsel at trial and on appeal. The state concedes that the first claim was asserted in his Louisiana Supreme Court writ application in Case No. 2013-K-2323.[7] However, the state notes that petitioner's second claim was not asserted in that writ application. Again, the state is correct. Because petitioner's ineffective assistance of counsel claim was not asserted to the Louisiana Supreme Court in Case No. 2013-K-2323, and because he has filed no other writ applications with that court, the claim is unexhausted.

Accordingly, petitioner's federal application is a mixed petition and should be dismissed without prejudice on that basis. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A

---

[7] A copy of that writ application appears in Volume 4 of the state court record.

habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ricky Laurant be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this twenty-third day of September, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.