UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICKEY LAURANT**                                                                                              **CIVIL ACTION**

**VERSUS**                                                                                                                **NO. 15-2588**

**NATE CAIN, WARDEN**                                                                                 **SECTION "G"(3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Rickey Laurant, is a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. On May 22, 2012, he was convicted of two counts of distribution of cocaine (Counts 1 and 3) and one count of attempted distribution of cocaine (Count 2) under Louisiana law.[1] On June 14, 2012, he was sentenced to a term of fifteen years imprisonment on Count 1 and to a term of ten years imprisonment on Count 2; it was ordered that the first two years

---

[1] State Rec., Vol. 2 of 5, trial transcript, p. 254; State Rec., Vol. 1 of 5, minute entry dated May 22, 2012; State Rec., Vol. 1 of 5, jury verdict forms.

of those sentences be served without benefit of probation, parole, or suspension of sentence. On that same date, he was also found to be a second offender and was sentenced as such on Count 3 to a term of thirty years imprisonment; it was ordered that sentence be served without benefit of probation or suspension of sentence for the entire term and without benefit of parole for the first two years.[2] On April 26, 2013, the Louisiana First Circuit Court of Appeal affirmed his convictions, habitual offender adjudication, and sentences.[3] The Louisiana Supreme Court then denied his related writ application on April 11, 2014.[4]

On or about June 19, 2015, petitioner filed the instant federal application seeking *habeas corpus* relief.[5] In support of his application, he asserted two claims:

1.  Petitioner's constitutional rights were violated when he was convicted by a non-unanimous verdict; and

2.  Petitioner received ineffective assistance of counsel.

The state filed a response conceding that petitioner's application was timely but arguing that it should be dismissed because he failed to exhaust his remedies in the state courts with respect to his ineffective assistance of counsel claim.[6]

On September 23, 2015, the undersigned issued a report recommending that petitioner's application be dismissed without prejudice as a "mixed petition" because only his claim challenging the constitutionality of the non-unanimous verdict was exhausted.[7] However,

---

[2] State Rec., Vol. 2 of 5, transcript of June 14, 2012; State Rec., Vol. 1 of 5, minute entry dated June 14, 2012; State Rec., Vol. 1 of 5, Reasons for Judgment dated June 29, 2012.
[3] State v. Laurant, No. 2012 KA 1705, 2013 WL 1791049 (La. App. 1st Cir. Apr. 26, 2013); State Rec., Vol. 3 of 5.
[4] State v. Laurant, 139 So.3d 1014 (La. 2014); State Rec., Vol. 3 of 5.
[5] Rec. Doc. 1.
[6] Rec. Doc. 9.
[7] Rec. Doc. 10.

petitioner subsequently requested that he be allowed to amend his petition to delete his unexhausted ineffective assistance of counsel claim.[8] On December 17, 2015, the United States District Judge granted that request and referred this matter back to the undersigned for a Report and Recommendation concerning petitioner's exhausted claim challenging the constitutionality of the non-unanimous verdict.[9]

## Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The

---

[8] Rec. Doc. 13.
[9] Rec. Doc. 14.

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has held: "[A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 134 S. Ct. 1697, 1706 (2014). However, the Supreme Court cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to

4

> extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

Id. (citations and quotation marks omitted). Therefore, when the Supreme Court's "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126 (2008) (quotation marks and brackets omitted). The Supreme Court has also expressly cautioned that "an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694. Accordingly, a state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief. Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court has held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that*

5

> *there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (citations omitted; emphasis added); see also Renico v. Lett, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The Supreme Court has expressly warned that although "some federal judges find [28 U.S.C. § 2254(d)] too confining," it is nevertheless clear that "all federal judges must obey" the law and apply the strictly deferential standards of review mandated therein. White v. Woodall, 134 S. Ct. 1697, 1701 (2014).

## Petitioner's Claim

Petitioner claims that his constitutional rights were violated when he was convicted by a non-unanimous verdict with respect to his conviction for attempted distribution of cocaine.[10] On direct appeal, the Louisiana First Circuit Court of Appeal rejected that claim, holding:

> In two related assignments of error, the defendant argues that Louisiana Constitution Article I, § 17(A), which allows for non-unanimous jury verdicts, violates his right to a jury trial and his right to equal protection of the laws guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. Specifically, the defendant argues that the enactment of its source provision in the Louisiana Constitution of 1898 "was motivated by an express and overt desire to discriminate against blacks on account of race."
> It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. A party must raise the unconstitutionality in the trial court, the unconstitutionality must be specially pleaded, and the grounds outlining the basis of unconstitutionality must be particularized. See State v. Hatton, 2007-2377 (La. 7/1/08), 985 So.2d 709, 718-19. In the instant case, the defendant failed to raise his challenge to

---

[10] The vote on that conviction was 11 to 1; however, the votes on petitioner's two convictions for distribution of cocaine were unanimous. State Rec., Vol. 2 of 5, trial transcript, pp. 254-60.

6

Louisiana Constitution Article 1, § 17(A) in the trial court.  The failure to preserve the issue notwithstanding, we address the defendant's argument.

The applicable conviction in the instant matter is attempted distribution of cocaine, wherein eleven of twelve jurors found the defendant guilty.  The punishment for attempted distribution of cocaine is imprisonment at hard labor. See La. R.S. 14:27(D)(3), La. R.S. 40:967(B)(4)(b) & La. R.S. 40:979(A). Article I, § 17(A) and Louisiana Code of Criminal Procedure article 782(A) provide that, in cases where punishment is necessarily at hard labor, the case shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Under both state and federal jurisprudence, a criminal conviction by a less than unanimous jury does not violate the right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment. See Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Belgard, 410 So.2d. 720, 726-27 (La. 1982); State v. Shanks, 97-1885 (La.App. 1st Cir. 6/29/98), 715 So.2d 157, 164-65.

This court and the Louisiana Supreme Court have previously rejected the argument raised in the defendant's assignments of error.  See State v. Bertrand, 2008-2215 (La. 3/17/09), 6 So.3d 738, 742-43; State v. Smith, 2006-0820 (La.App. 1st Cir. 12/28/06), 952 So.2d 1, 16, writ denied, 2007-0211 (La. 9/28/07), 964 So.2d 352.  In Bertrand, the Louisiana Supreme Court specifically found that a non-unanimous twelve-person jury verdict is constitutional and further, that Article 782 does not violate the Fifth, Sixth, and Fourteenth Amendments.[FN3]  Moreover, the Bertrand court rejected the argument that non-unanimous jury verdicts have an insidious racial component and pointed out that a majority of the United States Supreme Court also rejected that argument in Apodaca.[FN4]  Although Apodaca was a plurality rather than a majority decision, the United States Supreme Court has cited or discussed the opinion various times since its issuance, making it apparent that its holding as to non-unanimous jury verdicts represents well-settled law.  Bertrand, 6 So.3d at 742-43.  Thus, Louisiana Constitution article I, § 17(A) and Louisiana Code of Criminal Procedure article 782(A) are not unconstitutional and, therefore, their imposition is not in violation of the defendant's federal constitutional rights.

> [FN3]  In Bertrand, the court only considered Article 782, while the defendant in the instant case attacks Article I, § 17(A) itself.  We find this approach to be a distinction without a difference because Article 782 closely tracks the language of Article I, § 17(A).

> [FN4]  Apodaca, as in the instant matter, involved a challenge to the non-unanimous jury verdict provision of Oregon's state constitution.  Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with Apodaca, also upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

7

Accordingly, these assignments of error are without merit.[11]

The Louisiana Supreme Court then likewise denied relief without assigning additional reasons.[12]

As noted by the state court, the United States Supreme Court has spoken on this issue, and it beyond cavil that unanimity of twelve-member juries is not constitutionally required in noncapital state criminal trials.  Because Apodaca and Johnson remain the established precedent and controlling law, there is no basis for a finding that the state court decision denying petitioner's claim was contrary to or involved an unreasonable application of clearly established United States Supreme Court precedent.  Accordingly, petitioner's claim should be denied.  See, e.g., Bickham v. Cain, Civ. Action No. 14-16, 2014 WL 775668, at *5-6 (E.D. La. Feb. 25, 2014); see also Johnson v. Cain, Civ. Action No. 14-3005, 2015 WL 1976195, at *11 (W.D. La. Apr. 30, 2015); Sumrall v. Warden, Louisiana State Penitentiary, Civ. Action No. 2:12-cv-354, 2015 WL 935347, at *5 (W.D. La. Mar. 4, 2015).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ricky Laurant be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[11] State v. Laurant, No. 2012 KA 1705, 2013 WL 1791049 (La. App. 1st Cir. Apr. 26, 2013); State Rec., Vol. 3 of 5.
[12] State v. Laurant, 139 So.3d 1014 (La. 2014); State Rec., Vol. 3 of 5.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

      New Orleans, Louisiana, this eighth day of January, 2016.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.