**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICKY LAURANT**                                              **CIVIL ACTION**

**VERSUS**                                                          **NO. 15-2588**

**NATE CAIN, WARDEN**                                    **SECTION "G" (3)**

<u>**ORDER AND REASONS**</u>

Before the Court are Petitioner Ricky Laurant's ("Petitioner") objections[1] to the January 8, 2016 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254 alleging that non-unanimous jury verdicts are unconstitutional and that he received ineffective assistance of counsel.[3] On January 8, 2016, the Magistrate issued a Report and Recommendation recommending that the petition be dismissed with prejudice.[4] Petitioner objects to the recommendation.[5] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss the exhausted claim with prejudice.

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1.

[4] Rec. Doc. 15.

[5] Rec. Doc. 20.

# I. Background

## A.     *Factual Background*

On May 22, 2012, Petitioner was convicted of two counts of distribution of cocaine (Counts 1 and 3) and one count of attempted distribution of cocaine (Count 2) under Louisiana law.[6] On June 14, 2012, Petitioner was sentenced to a term of fifteen years imprisonment on Count 1 and to a term of ten years imprisonment on Count 2; it was ordered that the first two years of those sentences be served without benefit of probation, parole, or suspension of sentence.[7] On that same date, Petitioner was also found to be a second offender and was sentenced as such on Count 3 to a term of thirty years imprisonment; it was ordered that this sentence be served without benefit of probation or suspension of sentence for the entire term and without benefit of parole for the first two years.[8] On April 26, 2013, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions, habitual offender adjudication, and sentences.[9] The Louisiana Supreme Court then denied his related writ application on April 11, 2014.[10]

On or about June 19, 2012, Petitioner filed the instant federal application seeking *habeas corpus* relief asserting two claims: (1) Petitioner's constitutional rights were violated when he was convicted by a non-unanimous verdict; and (2) Petitioner received ineffective assistance of counsel.[11] The State filed a response arguing that the petition should be dismissed because Petitioner failed to exhaust his state court remedies with respect to his ineffective assistance of

---

[6] State Rec., Vol. I of V, Minute Entry dated May 22, 2012.

[7] State Rec., Vol. I of V, Minute Entry dated June 14, 2012.

[8] *Id.*

[9] *State v. Laurant*, 2012-KA-1705, 2013 WL 1791049 (La. App. 1 Cir. Apr. 26, 2013).

[10] *State v. Laurant*, 13-K-2323 (La. 4/11/14); 139 So.3d 1014.

[11] Rec. Doc. 1.

counsel claim.[12] On September 23, 2015, the Magistrate Judge recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies.[13] The Magistrate Judge found that Petitioner presented the Court with a "mixed petition," which included both exhausted and unexhausted claims, and that it is subject to dismissal for that reason.[14] Specifically, the Magistrate Judge found that Petitioner had failed to raise his ineffective assistance of counsel claim before the Louisiana Supreme Court.[15]

On November 12, 2015, this Court granted Petitioner thirty days to amend his petition to delete the unexhausted claim.[16] On December 2, 2015, Petitioner filed a motion requesting leave to amend his petition to remove the unexhausted ineffective assistance of counsel claim, which the Court granted dismissing the unexhausted claims.[17]  Accordingly, the Court referred the matter back to the Magistrate Judge to prepare another Report and Recommendation as to the exhausted claim.[18]

**B.      *Report and Recommendation Findings***

The Magistrate Judge recommends that the Court dismiss the exhausted claim with prejudice.[19] The Magistrate noted that Petitioner argues his constitutional rights were violated when he was convicted by a non-unanimous verdict with respect to his conviction for attempted

---

[12] Rec. Doc. 9.

[13] Rec. Doc. 10.

[14] *Id.* at 3.

[15] *Id.*

[16] Rec. Doc. 12.

[17] Rec. Doc. 14.

[18] *Id.*

[19] Rec. Doc. 15.

3

distribution of cocaine, wherein 11 of 12 jurors found Petitioner guilty of the charge.[20] The Magistrate noted that the United States Supreme Court has spoken on this issue, holding that unanimity of twelve-member juries is not constitutionally required in noncapital state criminal trials.[21] Accordingly, the Magistrate determined that there was no basis for a finding that the state court decision denying petitioner's claim was contrary to or involved an unreasonable application of clearly established United States Supreme Court precedent.[22]

## II. Objections

### A.    *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[23] He asserts that under the Louisiana Constitution and Code of Criminal Procedure, criminal cases punished by hard labor are tried by a jury of 12 and the vote of 10 jurors is sufficient to return a verdict.[24] Petitioner notes that criminal defendants in state court have no federal constitutional rights to a unanimous jury verdict.[25] However, he asserts that "claims regarding the right to a unanimous verdict may raise grounds cognizable in federal habeas corpus if the conduct underlying the claim so infected the trial that the defendant was thereby deprived of a fair trial guaranteed by the Fourteenth Amendment."[26] He contends that federal courts must review the coerciveness of actions

---

[20] *Id.* at 6.

[21] *Id.* at 7–8 (citing *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Johnson v. Louisiana*, 406 U.S. 356 (1972)).

[22] *Id.* at 8.

[23] Rec. Doc. 20.

[24] *Id.* at 3.

[25] *Id.* at 5 (citing *Lowenfield v. Phelps*, 108 S.Ct. 546 (1988)).

[26] *Id.*

taken by a state court "in its context and under all circumstances."[27] He argues that the court must determine if the actions of the state trial court and district attorney violated due process by being "likely to coerce certain jurors into relinquishing their views in favor of reaching a unanimous verdict."[28] He asserts that this Court should order the state trial court to submit the jury voir dire, closing arguments, jury instructions and verdict for review.[29]

## B.   State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

## A.   Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[30] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[31] A district court's review is limited to plain error for parts of the report which are not properly objected to.[32]

---

[27] *Id.*

[28] *Id.* at 5.

[29] *Id.*

[30] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[31] Fed. R. Civ. P. 72(b)(3).

[32] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**B.**     *Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of habeas corpus in cases where a state court has adjudicated the petitioner's claim on the merits.[33]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court." The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[34] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[35]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[36]

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's finding that the state court decision denying petitioner's claim that a non-unanimous verdict violated his constitutional rights was not contrary

---

[33] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[34] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000)).

[35] *Id.*

[36] 28 U.S.C. § 2254(d)(2*); see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

to or an unreasonable application of clearly established federal law. Accordingly, the Court will review this claim de novo.

Louisiana Constitution Article I § 17(A) allows for non-unanimous jury verdicts in non-capital cases stating, "A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict." In Petitioner's case, 11 of 12 jurors found Petitioner guilty on the attempted distribution of cocaine charge. The punishment for attempted distribution of cocaine is imprisonment at hard labor.[37] Accordingly, the verdict was not a violation of state law.

In *Apodaca v. Oregon*, the Supreme Court held that a criminal conviction by a less than unanimous jury does not violate the right to trial by jury specified by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment.[38] Petitioner contends that this Court must consider the coerciveness of the actions taken by the state trial court. However, a non-unanimous verdict is not coercive, and Petitioner presents no argument regarding any other coercion on the part of the state trial court. Therefore, the state court's denial of relief was not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, on de novo review, the Court finds Petitioner's non-unanimous jury verdict claim without merit.

---

[37] La. R.S. 14:27(D)(3); La. R.S. 40:967(B)(4)(b); La. R.S. 40:979(A).

[38] 206 U.S. 404, 406 (1972). *See also Johnson v. Louisiana*, 406 U.S. 356 (1972) (upholding Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts).

## V. Conclusion

For the reasons stated above, the Court finds that Petitioner's exhausted non-unanimous jury verdict claim is without merit and should be denied and dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that Petitioner Ricky Laurant's exhausted non-unanimous jury verdict claim is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this <u>26th</u> day of July, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

8